[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-13329
Non-Argument Calendar
_____

D.C. Docket No. 5:13-cv-00283-CAR-CHW

JERRY GUEST,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,
UNITED STATES POSTAL SERVICE,
JOHN AND OR JANE DOE,
Postmaster Unadilla, GA,

Defendants-Appellees,

JOHN AND OR JANE DOES,
Two unidentified postal employees,

Defendants.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(September 3, 2015)

Before JORDAN, JILL PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Jerry Guest, a state prisoner proceeding pro se, appeals the district court's dismissal of his complaint for failure to state claim.  Guest argues (1) the Postmaster of Unadilla, Georgia denied his constitutional right of access to the courts; (2) the Postmaster violated his due process rights by falsely accusing him of making threats, which caused his three-day confinement in involuntary segregation; and (3) his state law claims are not barred by the federal government's sovereign immunity.  As Guest is familiar with the facts of his case, we weave them into the discussion only as necessary.  Upon review, we affirm.[1]

## I.  DISCUSSION

*A.  Access to Courts*

The district court did not err in concluding the complaint failed to state a violation of Guest's constitutional right of access to the courts.  A litigant asserting a denial-of-access-to-courts claim must prove he has a "colorable underlying claim for which he seeks relief."  *Barbour v. Haley*, 471 F.3d 1222, 1226 (11th Cir. 2006).  The complaint must identify a nonfrivolous, arguable underlying claim "described well enough . . . to show that the arguable nature of the underlying

---

[1] We review de novo a district court's sua sponte dismissal of a complaint for failure to state a claim under 28 U.S.C. § 1915A(b)(1), using the same standards that govern Federal Rule of Civil Procedure 12(b)(6) dismissals.  *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278–79 (11th Cir. 2001).  We accept the allegations in the complaint as true and construe them in the light most favorable to the plaintiff.  *Timson v. Sampson*, 518 F.3d 870, 872 (11th Cir. 2008).

claim is more than hope." *Cunningham v. Dist. Attorney's Office for Escambia Cty.*, 592 F.3d 1237, 1271 (11th Cir. 2010) (quotation and internal quotation marks omitted). Guest has not sufficiently alleged a colorable, nonfrivolous underlying claim. *See Barbour*, 471 F.3d at 1226. The complaint merely says Guest mailed a motion for reconsideration to the Georgia Court of Appeals and that, had the motion been timely, it would have been granted. The complaint's blanket assertions do not show Guest's underlying claim was "more than hope." *See Cunningham*, 592 F.3d at 1271 (quotation omitted).

## B. Due Process

The district court did not err in concluding the complaint failed to state a violation of due process arising from Guest's confinement in involuntary segregation. Guest's due process theory requires alleging not only the deprivation of a liberty interest, but also that such deprivation "impose[d] atypical and significant hardship" relative "to the ordinary incidents of prison life." *See Sandin v. Conner*, 515 U.S. 472, 483–44 (1995). Guest's complaint, however, alleges only that he was placed in involuntary segregation as a result of the alleged deprivation. Guest's complaint fails to state a claim because he has not alleged specific facts showing involuntary segregation at his facility is an "atypical and significant hardship" in relation to ordinary prison life. *Id.* at 484.

## C. Federal Tort Claims Act

3

The district court did not err in dismissing Guest's state law claims brought pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346.  The federal government's waiver of sovereign immunity though the FTCA is subject to certain statutory exceptions, *Zelaya v. United States*, 781 F.3d 1315, 1322 (11th Cir. 2015), one of which is the exception from "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter,"  28 U.S.C. § 2680(b).  Since Guest's FTCA claims are premised on the Postmaster's purported miscarriage of mail, they are barred by the federal government's sovereign immunity.

## II.  CONCLUSION

In light of the foregoing reasons, we affirm the district court's dismissal of Guest's complaint.

**AFFIRMED.**

4